PRICE, Judge.
On this appeal we are confronted with the question of whether the owner and operator of a livestock commission auction may bring suit in his own name against the purchaser of cattle sold by the livestock auctioneer on behalf of other parties.
Harold Tyler and Hershel Tyler, d/b/a Homer Livestock Commission Company, filed suit against R. D. Elston for the sum of $5,731.95 alleged to be the purchase price of cattle purchased by Elston on May 20, 1968, through the auction operated by petitioners in Homer, Louisiana. Defendant filed an exception of vagueness to plaintiffs’ original petition, complaining that the petition does not state whether plaintiffs sold the cattle as owners or on behalf of someone else.
Plaintiffs voluntarily amended their petition, alleging that the cattle sold to defendant belonged to various parties who placed them on consignment with plaintiffs for sale in normal course of their livestock auction business. It is further alleged the cattle were sold on open account to defendant and that plaintiffs in turn paid the various owners after the purchase by defendant.
Defendant filed an exception of vagueness to the amended petition, again urging that plaintiffs must allege the names of all owners of cattle bought so that defendant could verify their ownership. An exception of no right or cause of action was filed asserting that the petition discloses that plaintiffs were not the owners of the livestock, and in the absence of an allegation setting forth their authority to sell or sue for the purchase of the livestock sold, plaintiffs have no standing in court. The exception of vagueness was overruled and the exception of no right or cause of action was referred to the merits. Defendant then answered plaintiffs’ petition and denied having purchased or received the cattle involved in this litigation. After trial of the merits of the case, the trial judge rendered judgment in favor of plaintiff as prayed for. Defendant has perfected this devolutive appeal, making the following assignments of error on behalf of the trial court:
1. The overruling of the exception of vagueness filed by defendant seeking to have plaintiffs include in their petition the names of all of the owners of the cattle sold to defendant at the auction.
2. The overruling of the exception of no right or no cause of action filed by defendant.
3. The refusal of the trial judge to grant defendant’s counsel’s request to be allowed to file a brief prior to decision of the case.
Although defendant denied purchasing or receiving the cattle in his answer, we find no necessity to discuss in detail the evidence pertaining to this question as the appellant has made no assignment of error of the trial judge’s finding that the cattle were actually purchased and received by the defendant as alleged by plaintiffs.
The first specification of error assigned by defendant has little or no merit and may be disposed of briefly. LSA-R.S. 3:561-566 requires all dealers engaged in buying or selling livestock on a commission basis to keep complete records on all transactions handled by them for a period of at least one year. The statute requires the name and address of the owner of each animal sold to be kept, as well as the name of the buyer of the animal. A performance bond is required of the commission dealer in favor of the Louisiana State Live Stock Sanitary Board for the protection of producers or shippers buying or selling through the dealer. Defendant does not contend that plaintiffs have not complied *660 with the provisions of this statute. Nor has defendant shown that he could not have obtained any information desired concerning' the status of any animal purchased by him at the auction by an examination of the records maintained by the defendant in compliance with the aforementioned statute. The information sought by defendant, if necessary, was readily accessible to him in the records maintained by plaintiffs in accordance with this statute.
We do not find any prejudice to defendant by the refusal of the trial court to sustain the exception of vagueness as complained of by defendant.
Defendant, although having purchased and received the cattle at the auction conducted by plaintiffs, questions the right of plaintiffs to sue for the sale price of the cattle. We are of the opinion that a livestock commission dealer may sue for the purchase price of cattle sold on behalf of others after having paid the sale price to the owner. The relationship between the livestock dealer, the seller and the bidder (purchaser) is in the nature of a dual agency as provided by Articles 3016-3020 of the Louisiana Civil Code. The cattle having been placed by the owner with the dealer for sale, with the dealer having authority to sell them for the highest price obtainable on a certain date, the dealer thus becomes an agent for the owner. By bidding on the cattle offered for sale at the auction, the buyer constitutes the auction company his agent for the purpose of consummating the purchase of any animal bid on, and the relationship with the dealer is similar to that of the agency provided for in Article 3016.
Article 3025 of the Civil Code provides that if any sum of money has been advanced by the agent for the affairs of the principal, the principal owes not only the sum but interest from date of its advancement.
We liken the payment made by plaintiffs to the owners of the cattle purchased by defendant as an advance of money on behalf of defendant which may be recovered by plaintiffs in their own right.
We find no error in the trial court’s overruling of the exception of no right or cause of action.
Article 1637 of the Louisiana Code of Civil Procedure provides that after the trial is completed the court may immediately pronounce judgment or take the case under advisement. Permission to file a brief is, therefore, entirely within the discretion of the trial judge, and no error is shown by his refusal to allow additional time for defendant to file a brief.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.