428 So.2d 862 (1983)
GRACE APARTMENTS
v.
Henry C. HILL and All Occupants.
No. 82-CA-0472.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Shelby Guillory, Jr., Greenwell Springs, for appellee.
E. Michael Harrison, Baton Rouge, for appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Defendants appeal the judgment of the lower court ordering their eviction from plaintiff apartment complex. We affirm.

*863 BACKGROUND FACTS
On January 20, 1982, Henry C. Hill and Shirley Bureau, defendants, rented an apartment from Shelby Guillory, owner of Grace Apartments. The terms of the lease provided for payment of the $235.00 rent in full on the 1st of each month. After the 1st, the rent is overdue and a $25.00 late charge is assessed.
Hill paid $75.00 rent for the remainder of January when he signed the lease on January 20, 1982. On January 30, he paid the full rent of $235.00 for the month of February. However, on February 27 a partial payment of $120.00 was paid by Ms. Bureau for the month of March. On March 6, the remaining $115.00 balance for March was paid. On April 4 a $150.00 partial payment for April was made, with the $85.00 balance being paid on April 8. An attempted partial rent payment of $150.00 for May was rejected by Irene Eirick, manager of Grace Apartments, on May 3. At this time, Ms. Eirick informed Ms. Bureau that eviction proceedings were going to be initiated against her and Mr. Hill.
Following a trial on the merits, the judge ruled that the defendants violated the payment provisions of the lease and ordered their eviction. On appeal, the defendants urge that the eviction was improper, as a "custom" existed between the apartment complex and its tenants whereby rental payments were accepted in installments, and no notification was given that this "custom" would cease in May.

ALTERATION OF RENT PAYMENT BY "CUSTOM"
A lessee is bound to pay rent according to the terms of the lease. Moreover, he may be evicted for failing to pay the rent when it is due. La.Civ.C. Art. 2710(2), 2712.
However, when a lessor customarily accepts rental payments after the due date, such "custom" by the acquiescence of the parties, has the effect of altering the lease provisions regarding punctuality of rent payments. Himbola Manor Apartments v. Allen, 315 So.2d 790 (La.App. 3rd Cir.1975). The lessor can, however, revive his dormant right to strictly enforce the rental payment provisions by giving advance notice of his intentions to collect the rent as dictated in the lease. Himbola, supra.
The trial court found that the lessor, Guillory, had in fact accepted partial rent payments from the defendants in the past. Guillory testified that partial rent payments had also been accepted from other tenants. Therefore, we find that a "custom" existed allowing the tenants to pay rent in installments, rather than according to the lease terms of payment in full on the 1st of the month.[1]
However, Guillory testified that the defendants, as well as the other tenants, were notified in April that partial rent payments would no longer be accepted, and that starting in May, rent must be paid in full on the 1st of the month. Ms. Eirick corroborated this testimony, stating that Mr. Guillory informed the tenants of the new policy. But, Hill and Ms. Bureau both testified that no notice was given. The trial court, however, chose to accept the testimony of Guillory and Ms. Eirick, as demonstrated in its reasons for judgment:
"The Court does find as a matter of fact that the Grace Apartments has in the past accepted partial payments on behalf of Mr. Hill from Ms. Bureau for the rent for the apartment 118 that they have been occupying. Mr. Guillory indicates that notice was given that as of May, no longer would any partial payments be accepted and that the payment was due on the 1st as indicated by the lease which was signed by Mr. Hill on January 20th, 1982." (emphasis added)
Therefore, we conclude that the trial judge did not believe the testimony of the defendants. The trial judge is in the best position to determine which witness to *864 believe and to decide their credibility. Smith v. Town of Logansport, 395 So.2d 888 (La.App. 2nd Cir.), cert. denied, 400 So.2d 1379 (La.1981). Our duty is to afford great weight to the factual conclusions of the trier of fact even if there is conflicting testimony, because of the trial court's opportunity to evaluate live witnesses as compared to our examination of a "cold record." Weaver v. Otis Elevator Co., 399 So.2d 1268 (La.App. 4th Cir.1981).
When there exists a conflict of testimony, the reasonable evaluations of credibility should not be disturbed by the appellate court in the absence of manifest error. Jofforion v. Leglue Buick, Inc., 399 So.2d 762 (La.App. 3rd Cir.1981). We find no manifest error by the lower court.

DECREE
Accordingly, we affirm the decision of the trial court at appellants' cost.
AFFIRMED.
NOTES
[1] In Himbola, the lessees alleged that a custom existed allowing them to pay rent in full subsequent to the due date. Although our case involves a custom of paying rent in installments, this factual difference is irrelevant in the application of the rules espoused in Himbola.