FRED W. JONES, Jr, Judge.
The Housing Authority of the City of Monroe (Housing Authority) instituted eviction proceedings against one of its tenants, Sharon Wheatley. Upon notice of the eviction proceeding, Wheatley filed both a dec-linatory exception (for insufficiency of service of process) and a dilatory exception (for vagueness). Both exceptions were denied by the lower court. At trial on the merits, the Housing Authority claimed rent was consistently paid late and extensive, damage was repeatedly done to the apartment by Wheatley’s boyfriend, all in violation of the written lease. The lower court granted a judgment of eviction on January 25, 1985, and Wheatley appealed with three specifications of error. We find no merit in the first two specifications; however, based upon the third specification of error, we reverse the judgment of eviction.
SPECIFICATIONS OF ERROR I and II
Wheatley first argued the lower court erred in denying her exception of insufficiency of service to the rule to show cause. The rule did not state the grounds upon which eviction was sought. Based upon the record, there was sufficient notice to Wheatley of the pending action and no prejudice was shown.
Next, Wheatley argued that the rule to show cause was so vague as to deny her due process and made it impossible for her to adequately prepare her defense. However, in brief and at oral argument, she could not specify any prejudice she suffered as a result of the trial court’s ruling on this exception. It does not appear she was taken by surprise at the trial on the merits. Indeed, she was fully prepared to meet the issues presented by the Housing Authority. It is obvious that Wheatley suffered no prejudice by the denial of her exceptions and it would be a waste of judicial effort to reverse or remand on those issues. See Tyler v. Elston, 236 So.2d 658 (La.App. 2d Cir.1970).
SPECIFICATION OF ERROR III
Wheatley argued that the trial court erred in finding that the Housing Authority *570 made a sufficient showing to justify a judgment of eviction. The trial on the merits was reduced to two issues: Wheatley submitted her monthly rental payments late and her boyfriend (Hammond Jones) caused frequent and extensive damage to the apartment, both actions being in violation of the terms of the written lease.
Evidence presented at trial showed Wheatley had been counseled regarding late rent payments in 1982, but the Housing Authority presented nothing more recent. Evidence also showed Wheatley presented late payments some 20 times in the five years she had lived in the projects and the payment always had been accepted. There is a well-established rule in the jurisprudence of this state that when a lessor customarily accepts late rental payments, this reforms the lease provisions with respect to the timeliness of payments. Himbola Manor Apartments v. Allen, 315 So.2d 790 (La.App. 3d Cir.1975); Grace Apartments v. Hill, 428 So.2d 862 (La.App. 1st Cir.1983). We find the Housing Authority acquiesced in the late rental payments. Without notice to tenants that this is no longer acceptable, late payments cannot be the basis for eviction. Housing Authority of the City of Abbeville v. Hebert, 387 So.2d 693 (La.App. 3d Cir.1980).
The second issue regards damage done to the apartment by Jones. Wheatley testified Jones was her ex-boyfriend and he had not been invited to the apartment for some time. The Housing Authority billed Wheatley for damage done to the apartment in October 1984. Wheatley testified that Jones had broken into the apartment on two occasions (October 1984 and January 1985) and caused damage. Wheatley called the police both times. She could produce the police report for the January incident, but not the October incident. Although Wheatley was unable to present independent substantiation of her claim that her ex-boyfriend had caused the damage in October, a “report” submitted by one of the Housing Authority’s employees (Cloteel Edwards, in charge of tenant relations), clearly showed the Housing Authority was on notice the ex-boyfriend had caused damages and the police were notified in October 1984. In any event, Jones clearly was neither a “guest” nor a person authorized to be on the premises by the tenant. Thus, under the terms of the lease Wheatley is not liable for damage caused by Jones.
Based upon the foregoing, we find the Housing Authority did not make sufficient showing in the lower court to warrant a judgment of eviction and the same is reversed.
For the reasons stated, judgment is rendered dismissing the suit for eviction, with all costs assessed to appellee, both in the lower court and on appeal.