# ROYAL AMERICAN MANAGEMENT, INC. v KEITH

## Case No. 86-3337-CC-12-C

County Court, Volusia County

November 5, 1986

### APPEARANCES OF COUNSEL

**James T. Nunn** for plaintiff.

**Rose M. Levering** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard for trial to evict the tenant because of repeated violations of the lease agreement and the non-compliance with the terms of the lease, in particular, repeated non-payment of rent, repeated non-payment of rent when due.

95

The defendant is in possession under a written lease the term of which is for one year commencing on June 1, 1986. However, defendant has been in possession since 1984 on previous leases.

At all times during her tenancy, defendant was late in the payment of her rent, requiring the plaintiff to send out repeated three (3) day notices but which the defendant cured by paying the late rent and which the plaintiff accepted notwithstanding a history of late payments, the plaintiff renewed the lease with the defendant on June 1, 1986. Again, the defendant was late in her payments when finally the plaintiff gave the defendant a ten (10) day notice on September 12, terminating the lease for repeated non-payment of rent and repeated non-payment of rent when due.

The defendant has raised the defense of waiver.

It is clear that a "pattern of late payments" normally prevents eviction. (See *Grose v. Hill*, 428 So.2d 862, Fla. 1st DCA 1983).

Where a landlord or vendor habitually accepts late payments, waives as to future payments strict compliance with the time payments of the contract or the lease. The vendor or lessor, in order to enforce the strict compliance with the contract or lease, must give notice that he will require such compliance before he declares a forfeiture on the grounds that payment was late. (See *Park Forest Blackman v. Smith*, 316 N.W. 2d 442).

It is obvious in the case at bar that the plaintiff waived strict compliance by accepting late payments on previous leases and the present lease. However, the plaintiff by instituting this suit has now given the defendant notice that it will require strict compliance in the future. Any further late payments by the defendant which will require the plaintiff to give the defendant a three (3) day notice under Florida Statutes will resurrect plaintiff's claim of non-compliance without a waiver even though plaintiff accepts rent after the three (3) day notice; it is therefore,

ORDERED AND ADJUDGED that the complaint herein, be and the same, is hereby dismissed with prejudice, and it is further,

ORDERED AND ADJUDGED that the Clerk of the COurt shall pay to the plaintiff out of the registry of the Court all rents paid into it by the defendant, less statutory costs.

DONE, ORDERED AND ADJUDGED in Chambers at Daytona Beach, Volusia County, Florida this 5th day of November, 1986.