446 So.2d 1352 (1984)
Lelio MIX
v.
Victor MOUGEOT and Paul W. Mougeot d/b/a Mougeot's Meat Packing Company.
No. 83 CA 0360.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*1353 Samuel C. Cashio, and Richard J. Ward, Jr., Maringouin, for plaintiff-appellee.
C. Jerome D'Aquila, New Roads, for defendants-appellants.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is a suit for workmen's compensation benefits and medical expenses alleging that an employee, Lelio J. Mix, Jr., was totally and permanently disabled by a job-related accident. The employers, Victor Mougeot and Paul W. Mougeot d/b/a Mougeot's Meat Packing Company (Mougeot's), filed a peremptory exception of prescription which was overruled by the district court. After a trial,[1] the district court rendered judgment in favor of Mix for compensation benefits for temporary total disability of $3,000 (25 weeks at $120 per week) and assessed Mougeot's a statutory penalty attorney fee of $500. Mougeot's suspensively appealed this judgment. Mix answered the appeal asserting that the district court committed error by failing to award medical expenses and the statutory penalty of 12% of the total amount of the claim and requested an increase of the attorney fee awarded.

*1354 FACTS
On March 22, 1978, Mix was employed by Mougeot's as a butcher. Mix testified that around 2:00 or 3:00 p.m. on that date he sustained a hernia when he slipped and fell while carrying a hindquarter of beef from Mougeot's cooler. On March 23, 1978, Mix saw Dr. James L. Christopher who diagnosed his injury as a right indirect inguinal hernia. Mix returned to work on March 24, 1978, with the permission of Dr. Christopher but quit about one week later because he could not continue the work. Mix again saw Dr. Christopher about one or two weeks after the accident and was told that he needed surgery to repair the injury. The operation was scheduled for April 18, 1978, but was cancelled because neither Mix nor Mougeot's had insurance to cover the cost of the operation. When Mougeot's failed to make arrangements to pay for the operation, Mix decided to go to the Earl K. Long Hospital (a charity hospital) for the operation. The surgery was successfully performed in the latter part of July 1978. Approximately two weeks after the surgery, Mix went for a checkup and was told he could return to work in four to six weeks if he felt able to do so. Mix eventually went back to work around the latter part of September or the first part of October 1978 for a different employer.

PRESCRIPTION
Mix filed this suit on March 21, 1979, and alleged that he was injured on March 22, 1978. Mougeot's contend that the evidence shows that Mix was injured two weeks prior to March 22, 1978, and that the district court committed error by overruling the exception of prescription.
Suits for this type of workmen's compensation claim must be filed within one year after the date of the accident. La.R.S. 23:1209. The burden of proving prescription is on the party pleading it. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981). This rule is applicable to workmen's compensation accidents. Quine v. Ideal Cement Company, 351 So.2d 1303 (La.App. 1st Cir.1977), writ denied, 353 So.2d 1035 (La.1978).
At the trial of the exception of prescription, Mougeot's called Dr. Christopher, Paul Mougeot and Victor Mougeot as witnesses. Mix presented the testimony of Veletta Cline Mix (his wife), William Derosin (nicknamed "Rassey") and himself.
Dr. Christopher testified that he first saw Mix on March 23, 1978. At that time, Mix gave Dr. Christopher a history of having fallen down two weeks prior while moving a hindquarter of beef off some hooks. However, Dr. Christopher admitted that on May 24, 1978, he signed an accident report which indicated that the accident occurred on March 23, 1978. Dr. Christopher also indicated that he had no independent recollection of his conversation with Mix but was relying on the notes that he made at the time. Paul Mougeot and Victor Mougeot both testified that Mrs. Mix called them and informed them that Mix had been injured and was going to see a doctor. Neither was able to give a specific date when this occurred.
Mrs. Mix testified that on March 22, 1978, her husband came home from work and told her that he got hurt on his job. Mix was in pain that night and Mrs. Mix made an appointment with Dr. Christopher for him the next day, March 23, 1978. Mrs. Mix called the Mougeot brothers the next day and told them that her husband had been injured when he fell while picking up a hindquarter of meat in the cooler. William Derosin testified that on March 22, 1978, Mix told him that he had slipped in the cooler and hurt himself. Derosin did not see Mix fall. Mix testified that he was injured on March 22, 1978, and reported the accident to William Derosin right after it occurred. Mix saw Dr. Christopher the day after his accident. Mix denied telling Dr. Christopher that he had fallen down two weeks prior.
The action of the trial judge of overruling the plea of prescription indicates that he accepted the testimony of Mix, Mrs. Mix and Derosin and disregarded that of Dr. Christopher and determined that Mougeot's *1355 failed to meet their burden of proof. When there is a conflict in the testimony of witnesses, an appellate court should not disturb a trial court's evaluation of the weight of the evidence unless this evaluation is manifestly erroneous or clearly wrong. Grace Apartments v. Hill, 428 So.2d 862 (La.App. 1st Cir.1983); Oncale v. Clement, 411 So.2d 543 (La.App. 1st Cir. 1982). The trial court's ruling on the plea of prescription is based on a reasonable evaluation of the weight of the evidence and is not clearly wrong.
This assignment of error is without merit.

LENGTH OF DISABILITY
Mougeot's contend that the trial court award of workmen's compensation benefits of $3,000 ($120 for 25 weeks) is erroneous. They contend that Mix only suffered a temporary total disability for 12 weeks entitling him to benefits of $1,440. They do not contest the fact that an accident occurred or that Mix was temporarily totally disabled for a period of time.
An employee in a workmen's compensation case has the burden of proving to a legal certainty and by a reasonable preponderance of the evidence the nature and extent of his disability. Daney v. Argonaut Insurance Company, 421 So.2d 331 (La.App. 1st Cir.1982). The employee claiming temporary total disability must show the "probable duration of such disability." La.R.S. 23:1222. The trial court's factual determination as to the length of disability is entitled to great weight and will not be disturbed except upon a showing of manifest error. Fontenot v. Cagle Chevrolet, Inc., 417 So.2d 1338 (La.App. 3rd Cir.1982), writ denied, 421 So.2d 1125 (La.1982); Hookfin v. Schwegmann Bros. Giant Super Markets, Inc., 398 So.2d 1218 (La.App. 4th Cir.1981). On March 22, 1978, Mix was earning $180 per week. La.R.S. 23:1221(1) provides that an employee shall be paid a sum equal to sixty-six and two-thirds per centum of his wages during the period of disability for an injury producing temporary total disability. Mix is entitled to sixty-six and two-thirds percent of $180, or $120 per week during the period of his disability.
Mix was injured on March 22, 1978. He continued working for about a week thereafter but had to stop because the pain of his injury was too severe. Mougeot's argue that because Dr. Christopher scheduled Mix's operation for April 18, 1978, and testified that Mix would only be disabled for twelve weeks thereafter, that the total length of disability is fourteen weeks and the remaining period of disability is not attributable to them. This argument cannot prevail because Mix did not have his operation in April of 1978 because neither he nor Mougeot's had insurance and Mougeot's failed to make arrangements to pay for the operation. Mix on his own went to a charity hospital. After diagnostic procedures and a delay for an emergency, the hernia was successfully surgically repaired in the latter part of July of 1978. Two weeks after the surgery, Mix reported for a checkup and was told he could resume work in four to six weeks. Mix testified that he tried to go back to work between six to eight weeks after his operation. Mrs. Mix testified that it took Mix seven weeks to get well. Dr. Christopher testified that under normal circumstances it should take Mix six weeks to recover from his operation. Mix actually returned to work with another employer at the end of September or beginning of October 1978. Considering this evidence,[2] we find that the ruling of the trial court that the probable duration of Mix's disability was a twenty-five week period from the end of March to the end of September of 1978 is not clearly wrong. The award of $3,000 in workmen's compensation benefits is affirmed.
This assignment of error is without merit.

MEDICAL EXPENSES
Mix answered Mougeot's appeal and contended that the trial court committed error *1356 by failing to award him the medical expenses he actually incurred in effecting his cure.
An employer is required to pay all necessary medical, surgical and hospital expenses and expenses for medicines incurred by an employee who suffers a work-related injury. La.R.S. 23:1203; Oregon v. Tri-State Road Boring, Inc., 434 So.2d 65 (La. 1983).
At the trial, Mix filed into evidence invoices showing medical bills and expenses incurred as a result of his injury totaling $192.51. The failure of the trial court to recognize this claim was error. The trial court's judgment is amended to include an award of $192.51 to cover Mix's medical expenses.

STATUTORY PENALTIES
Mougeot's contend that the district court committed error by awarding Mix a statutory penalty attorney fee when he failed to comply with the written notice requirement of La.R.S. 23:1201.2.
La.R.S. 23:1201.2(A) provides, in pertinent part, as follows:
Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claim,...
(Emphasis added).
We agree that the trial court erred in awarding the attorney fee but reach that conclusion for reasons other than those asserted by Mix. When items of special damage are claimed, a litigant must specifically allege the claim in his petition. La.C.C.P. art. 861. Attorney fees are items of special damage which must be specifically alleged. Lanier Business Products, Inc. v. First National Bank of Rayville, 388 So.2d 442 (La.App. 2nd Cir. 1980). In his petition, Mix did not allege that his claim was not paid within sixty days after receipt of notice or that such action by Mougeot's was arbitrary, capricious or without probable cause, nor did he pray for statutory penalties of 12% of the total amount of the claim and a reasonable attorney fee. Under the particular facts and circumstances of this case, the failure of Mix to make the necessary allegations denied Mougeot's a reasonable opportunity to assert affirmative defenses, present evidence or be notified that the penalty claim was at issue. Lanier Business Products, Inc. v. First National Bank of Rayville, 388 So.2d at 446; Cf. Carter's Insurance Agency, Inc. v. Franklin, 428 So.2d 808 (La.App. 1st Cir.1983). In this procedural posture, the trial court should not have granted the attorney fee award and that portion of the judgment is reversed.
Mix answered the appeal and claimed that the trial court committed error by failing to award the portion of the statutory penalties provided for in La.R.S. 23:1201.2(A) which authorizes an award of 12% of the total amount of the claim. This claim was neither alleged nor prayed for in the trial court. By analogy, this element of the award is an item of special damage and must be specifically alleged. For the reasons set forth above, we deny this claim for that portion of the statutory penalty.
Mix also answered the appeal seeking an increase in the attorney fee for the services provided by counsel in this appeal. Because the issue of the appropriateness of an award of a statutory penalty was not claimed or litigated in the trial court, we do not deem it appropriate to grant such an award in this court and deny that portion of the claim. Lanier Business Products, Inc. v. First National Bank of Rayville, 388 So.2d at 446; Contra: Boudreaux v. Mazda Motors of America, Inc., 347 So.2d *1357 504 (La.App. 4th Cir.1977), writ denied, 350 So.2d 1223 (La.1977).

DECREE
For the foregoing reasons, the judgments of the trial court overruling the exception of prescription and granting an award of $3,000 for workmen's compensation benefits are affirmed; the trial court judgment is amended to award Mix the sum of $192.51 for medical bills and expenses; the judgment of the trial court awarding Mix a statutory penalty attorney fee of $500 is reversed; and the claims of Mix by way of the answer to the appeal for the statutory penalty of 12% of the total amount of the claim and an increased attorney fee award for the appeal are denied and dismissed. Mix is entitled to legal interest on each weekly compensation benefit payment from its date due until paid. La.C.C. art. 2924; Shatoska v. International Grain Transfer, Inc., 430 So.2d 1255 (La.App. 1st Cir.1983). Mix is entitled to legal interest on the unpaid medical expenses from the date of judicial demand until paid.[3] Mougeot's are cast for all costs of this appeal.
AFFIRMED IN PART; AMENDED IN PART; AND REVERSED IN PART.
NOTES
[1] Although Mougeot's did not file an answer as required by La.R.S. 23:1315, the parties proceeded to trial apparently pursuant to the authority of La.R.S. 23:1317.
[2] The surgeon who performed the operation was not called as a witness and the hospital records were not filed in the record.
[3] Legal interest is due from the time that the debt becomes due. La.C.C. art. 1938. In a workmen's compensation case, the employer owes reimbursement of the medical expenses to the employee not later than sixty days after the employee gives notice of the claim. La.R.S. 23:1201.2. The record in the instant case does not show when or if such notice was given for the medical expenses.