612 So.2d 944 (1993)
Oliver HAYNES
v.
LEE WHITE WRECKER SERVICE.
No. 92-CA-0523.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1993.
*945 Stephen Vallot, Kenner, for defendant/appellant.
Frank A. Bruno, Bruno & Bruno, New Orleans, for plaintiff/appellant.
Before CIACCIO, ARMSTRONG and WALTZER, JJ.
WALTZER, Judge.
This appeal comes from a judgment in the Office of Workers Compensation in favor of plaintiff, Oliver Haynes, and awarding worker's compensation in the amount of $200 per week beginning from the time of plaintiff's work-related injury and until plaintiff's disabled condition is remedied by surgery sometime in the future. Defendant, Lee White Wrecker Service Inc. ("Lee White"), appeals, claiming that the trial court was in error for finding that the plaintiff suffered a work-related injury causing total and temporary disability. Plaintiff, Oliver Haynes, appeals, arguing that the trial court was in error for not awarding penalties and attorney fees.
Oliver Haynes began his employment as a truck driver with Lee White as an independent subcontractor working at an hourly rate on May 18, 1990. On July 9, 1990, he became a full time employee. His work involved substantial heavy lifting as well as other physical exertions like bending and stooping. On the morning of July 11, 1990, at around 7:00 a.m., Mr. Haynes was sent to tow a stalled Delta Waste vehicle on Earhart Boulevard. As he was getting out of his truck, Mr. Haynes slipped and fell, hitting his left shoulder on a metal step on the truck. He immediately notified his employer when he returned to the office. His employer sent his daughter to bring Mr. Haynes to Fisher Rabin Medical Center, where Dr. Fisher treated him on that day and on several following visits. Dr. Fisher last treated Mr. Haynes on July 23, 1990. On that day, Dr. Fisher told Mr. Haynes that he should refrain from working and that he should seek the medical attention of orthopaedist Dr. Robert Mimeles. Dr. Mimeles examined Mr. Haynes on August 1 *946 and 8, 1990, diagnosed a rotator cuff tear, and recommended surgery. Mr. Haynes did not return to see Dr. Mimeles until August 20, 1991, primarily due to the fact that Lee White had refused to pay for any medical treatment other than its own orthopedic physician, Dr. Melvin Parnell. During the interim, Mr. Haynes was sent to Dr. Parnell, who agreed with Dr. Mimeles that the claimant suffered a rotator cuff tear and would benefit from surgery. However, the relationship between Dr. Parnell and Mr. Haynes became greatly strained, and Dr. Parnell, after much arguing with the claimant, informed Lee White that he would no longer treat Mr. Haynes. In August of 1991, when Mr. Haynes returned to Dr. Mimeles, he was told that without the operation he would be able to perform only minimal manual labor, but that the surgery should remedy his condition. Dr. Mimeles availed himself for the operation if requested by the claimant.
At the time of the accident, Lee White did not carry worker's compensation insurance. After the accident, Mr. Haynes returned to work, performing light physical activities. However, he was discharged about a month later for not being able to carry out his duties in a timely and efficient manner. Lee White, at the recommendation of its accountant, then began paying Mr. Haynes sick leave in the amount of $133.00 per week. At the time of the accident, Mr. Haynes was earning $300.00 per week.
A hearing was held on August 23, 1991, at which Oliver Haynes, Lee White, Robert Bates, and Anthony Brumfield testified. Mr. Bates was the driver of the stalled Delta Waste vehicle towed by Mr. Haynes on the morning of July 11, 1990. He testified for the defendant, stating that he did not witness the claimant fall or meet with any kind of mishap on that particular morning. Mr. Brumfield, an employee of Lee White, also testified for the defendant. Mr. Brumfield stated that the claimant had told him of a shoulder injury from a previous job. The medical reports of Drs. Mimeles and Parnell were introduced into evidence.
After hearing all the testimony and considering all the evidence, the hearing officer found that the plaintiff had suffered a work-related injury to his shoulder and awarded compensation in the amount of $200 per week, two-thirds of Mr. Haynes weekly salary before the accident, beginning the week of the accident less the amount of compensation already paid to the claimant as sick pay. The hearing officer further ordered that the compensation continue until that time in the future when Mr. Haynes' disabled condition would be remedied. The hearing officer then ordered that the claimant be allowed to attend the physician of his choice at the expense of the employer. While the trial court found the employer arbitrary and capricious in his decision to not allow another doctor other than Dr. Parnell, it did not award attorney fees or penalties to the plaintiff because such damages were not specifically requested in the plaintiff's petition.
The defendant appeals, claiming that the hearing officer was in error for determining that Mr. Haynes' injured shoulder was the result of an accident occurring on July 11, 1990. The defendant further argues that the trial court was in error for finding the employer arbitrary and capricious for not allowing the claimant to see the physician of his choice and for paying the claimant sick leave pay in the amount of $133.00 per week instead of worker's compensation in the amount of $200 per week.
The plaintiff appeals the trial court's denial to award attorney fees and penalties after it had determined that the defendant had acted arbitrarily and capriciously with regard to the claimant's request to see the physician of his choice.
The issue of whether the accident alleged by the claimant actually happened, as well as the cause and extent of claimant's injuries, are determinations of fact. This Court cannot disturb such findings of fact by the hearing officer absent manifest error. Rossell v. ESCO, 549 So.2d 840, 844 (La.1989); on remand, 558 So.2d 1360 (La. App. 4th Cir.1990); writ den. 561 So.2d 105 (La.1990). In this case, there was conflicting *947 testimony as to whether an accident occurred on July 11, 1990. The claimant testified that he fell off the truck, striking his left shoulder on a metal step. The employer introduced the testimony of Mr. Bates, who testified that he witnessed the claimant on that morning and did not see him fall. Mr. Bates' testimony was countered by his own statements on cross-examination and by Mr. Haynes's testimony, as plaintiff's attorney indicated that the witness might be biased toward the defendant. Mr. Haynes testified that Mr. Bates had told him that his employer instructed him not to get involved with Mr. Haynes' case. Moreover, Mr. Bates admitted on cross-examination that he had several conversations with his own employer, as well as Mr. White, regarding his testimony at the hearing. Mr. Brumfield's testimony concerning a possible other cause of the claimant's injured shoulder was also impeached during cross-examination as he became confused as to whether his conversations with the claimant about his shoulder took place before or after July 11, 1990. The hearing officer, who was present during all the testimony, was in the best position to judge the credibility of the witnesses. There is ample evidence in the record to support the hearing officer's finding that Mr. Haynes suffered a shoulder injury as a result of a work-related accident on July 11, 1990.[1] Furthermore, both medical reports and the claimant's testimony and demonstration of his limited range of motion support the hearing officer's conclusion that the claimant suffers a total disability, which could be remedied by surgery. Given the amount of evidence to support the trial court's finding regarding the extent of claimant's injuries, and that the injured shoulder resulted from the accident of July 11, 1990, this Court cannot find that the trial court committed manifest error.
The hearing officer's determination that the employer was arbitrary and capricious in not allowing the claimant to have surgery or even choose his own doctor is also a determination of fact. Again, there is enough evidence in the record to support this finding, and this Court finds no manifest error with this conclusion by the hearing officer.[2]
However, the plaintiff is correct in his argument that attorney fees and penalties should have been awarded. Under LSA-R.S. 23:1201.2 and LSA-R.S. 23:1201(E), attorney fees and penalties should be awarded if the employer's behavior regarding the claimant's compensation is arbitrary, capricious, or without probable cause. In the present case, the hearing officer stated in his reasons for judgment that the employer's actions regarding the medical treatments of the claimant were arbitrary and capricious. However, the hearing officer did not award attorney fees or penalties because "the claimant has not asked for penalties or attorney fees for arbitrariness or capriciousness." Plaintiff on appeal argues that his petition is a state drafted form, which does not provide a section or opportunity for the request of attorney fees. A review of the petition form entitled "Disputed Claim For Compensation" reveals no where the opportunity to request attorney fees or penalties for his *948 employer's arbitrary and capricious behavior. The plaintiff, who filled out this form himself, and who is not a lawyer should not be penalized for not specifically requesting this type of award. Moreover, the claimant did state, in his own words in handwriting attached to his petition form, facts which support the awarding of attorney fees and penalties. Where the form requests a description of the accident, the claimant wrote the following:
Mid July about 7:00 a.m. on Earhart expressway I was picking up a truck that had stop running for Delta Waste and I injured my shoulder and the job had me go to Fisher medical on Jefferson Highway and after that I then went to Dr. Mimeles and after that to Dr. Parnell and I still have not been treated for my injury after all that time and I also found out that the company dont [sic] have compensation insurance.
These allegations attached to the form petition, which the hearing officer agreed with in his reasons for judgment, state facts which indicate that the employer had been arbitrary and capricious in providing medical service to the claimant. Because the claimant alleged facts in his petition which support a claim for penalties and attorney fees, and which gave the employer notice that arbitrary and capricious behavior on his part was an issue, the trial judge should have awarded penalties and attorney fees upon finding that the employer acted arbitrarily and capriciously. Hix v. Mougeot, 446 So.2d 1352 (La.App. 1st Cir.1984).
The employer, in accordance with LSA-R.S. 23:1201(E), should therefore be ordered to pay an additional twelve percent (12%) of the amount of compensation owed to the claimant from the time of the accident to the time of the hearing. Furthermore, attorney fees should be awarded. After a review of the record, and considering the amount of time and work spent for the hearing and the claimant's appeal, we believe that $3,000 is an appropriate sum.
For the foregoing reasons, the judgment of the trial court is affirmed and amended to include an additional award as penalty in the amount of 12% of the amount awarded from the time of the accident to the time of the hearing and attorney fees in the amount of $3,000.
AFFIRMED AND AMENDED.
NOTES
[1] The claimant testified that the accident occurred as he was getting out of his truck to tow a Delta Waste vehicle on the morning of July 11, 1990. He further stated that he reported the accident to his employer as soon as he returned to the office that morning, and that he was immediately sent to Dr. Fisher for medical treatment, which was confirmed by the defendant in his testimony. Furthermore, the medical reports of Dr. Parnell and Dr. Mimeles were entered into the record, both indicating that the claimant suffered a shoulder injury as a result of the accident described by the claimant in his testimony.
[2] The claimant testified that Mr. White stated that he would only pay for the medical services of Dr. Parnell. The poor relationship between Dr. Parnell was admitted to by the claimant, the employer, and Dr. Parnell himself by a written letter submitted into evidence. Mr. White stated during cross-examination that he sent Mr. Haynes to Dr. Parnell, and that he preferred Dr. Parnell over Dr. Mimeles. Furthermore, Mr. White stated that he paid the claimant sick pay of $133.00 per week even though he was aware that disability compensation would have been $200.00 per week. Mr. White also testified that he discharged Mr. Haynes a month after the accident because the claimant could no longer carry out his duties.