625 So.2d 583 (1993)
Ellen LaBOVE, Plaintiff-Appellant,
v.
RESOURCE TRANSPORTATION CO., et al., Defendants-Appellees.
No. 92-1448.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
*584 Anthony Joseph Fazzio, Lake Charles, for Ellen Labove.
Leslie Jo Mahfouz, Lafayette, for Resource Transp. Co., et al.
Before GUIDRY, THIBODEAUX and COOKS, JJ.
GUIDRY, Judge.
In this worker's compensation suit plaintiff, Ellen LaBove, appeals a judgment of the Office of Worker's Compensation (OWC), insofar as it denies her claim for penalties and attorney's fees and denies her claim for medical expenses incurred prior to April 22, 1992. We amend the judgment and affirm as amended.

FACTS
In the early morning hours of December 29, 1990, plaintiff, Ellen LaBove, a part-time hot-shot driver for Theriot Trucking was involved in a two vehicle accident. Ms. LaBove and another Theriot employee, Debbie Theriot, were on their way to Houma on a job contracted by Resource Transportation Company, defendant herein. Resource Transportation Company is in the business of and licensed to haul regulated freight. It, however, has no trucks and contracts out all jobs it secures to small independent truckers such as Theriot Trucking.
Immediately after the accident, Mrs. Theriot called the office of Resource Transportation to report the accident and request that another truck be sent to deliver the load since the Theriot truck was inoperable. There was no mention in this verbal report that any person had sustained a personal injury in this accident. The accident report filled out by the Cameron Parish sheriff's deputy who investigated the accident indicates that no one sustained any injury in the collision. Subsequently, Ms. LaBove filed no injury report with either Theriot Trucking or Resource Transportation.
Ms. LaBove testified she was sure that Theriot Trucking knew she was injured because she was living with the owners of Theriot Trucking, Jerry and Debbie Theriot, at the time of and subsequent to the accident *585 and had complained to them about her pain. Both of the Theriots testified that they felt sure the personnel at Resource Transportation knew Ms. LaBove had been injured, but when pressed on the matter, neither could recall a specific date on which Resource Transportation was notified of plaintiff's condition. The record reflects that Theriot Trucking did not file a written report of injury with Resource.
Paul Wagner, the owner of Resource Transportation, testified that Ms. LaBove never reported being injured to Resource and that the first notification the company received of any injury to Ms. LaBove was in September, 1991, when the company was served in connection with the instant complaint before the OWC. It was further established at trial that Ms. LaBove's attorney paid her medical bills and that no claim for medical expenses was submitted to either Resource Transportation or Aetna Casualty and Surety Company (Aetna), its worker's compensation carrier, until after this matter was filed with the OWC.

MEDICAL EXPENSES
Appellees rely on La.R.S. 23:1142(B) for affirmance of the OWC's denial of medical expenses incurred by Ms. LaBove prior to April 22, 1992. In opposition, appellant argues that La.R.S. 23:1142(E) should apply to the matter at issue. La.R.S. 23:1142 provides as follows:
A. Definitions. For the purposes of this Section, the following terms shall have the following meanings unless the context clearly indicates otherwise:
(1) "Payor" shall mean the entity responsible, whether by law or contract, for the payment of the medical expenses incurred by a claimant as a result of a work related injury.
B. Nonemergency care. Except as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemergency diagnostic testing or treatment without the mutual consent of the payor and the employee. Except as provided herein, that portion of the fees for nonemergency services of each health care provider in excess of seven hundred fifty dollars shall not be an enforceable obligation against the employee or the employer or the employer's worker's compensation insurer unless the employee and the payor have agreed upon the diagnostic testing or treatment by the health care provider.
C. Emergency care. (1) In no event shall prior consent be required for any emergency procedure or treatment deemed immediately necessary by the treating health care provider. Any health care provider who authorizes or orders emergency diagnostic testing or treatment, when said diagnostic testing or treatment is held not to have been of an emergency nature, shall be responsible for all of the charges incurred in such diagnostic testing or treatment. Said health care provider shall bear the burden of proving the emergency nature of the diagnostic testing or treatment.
(2) Fees for those services of the health care provider held not to have been of an emergency nature shall not be an enforceable obligation against the employee or the employer or the employer's worker's compensation insurer unless the employee and the payor have agreed upon the treatment or diagnostic testing by the health care provider.
D. Fees and expenses. If the payor has not consented to the employee's request to incur more than a total of seven hundred fifty dollars for any and all nonemergency diagnostic testing or treatment when such consent is required by this Section, and it is determined by a court having jurisdiction that the withholding of such consent was arbitrary and capricious, or without probable cause, the employer or the insurer shall be liable to the employee for reasonable attorney fees related to this dispute and for any medical expense so incurred by him for an aggravation of the employee's condition resulting from the withholding of such health care provider services.
E. Exception. In the event that the payor has denied that the employee's injury is compensable under this Chapter, then no approval from the payor is required *586 prior to the provision of any diagnostic testing or treatment for that injury.
The hearing officer, in his judgment and reasons therefor, stated:
1) Defendants are not responsible for the medical expenses incurred by claimant prior to the date of trial and ruling on April 22, 1992.
There is an argument that defendants should be assessed with the medical expenses because the Court ruled against defendants and found the claim compensable. Furthermore, the rules of La.R.S. 23:1142 should not apply, that is, neither claimant nor the health care provider were required to seek approval of the treatment and testing because defendants had denied that a compensable injury occurred. See, La.R.S. 23:1142(E); and Williamson v. CIGNA, 595 So2d 325 (La.App. 3 Cir. 1992).
Normally, the Court would apply the above, but to do so in this case would be grossly unfair to the defendants. It is true that defendants denied the claim, but the denial was for the claim filed on August 22, 1991. That claim was for lost wages alone. The defendants were correct to deny that claim because claimant was still working at her pre-injury job making as much money as before the date of the alleged compensable incident (traffic accident) on December 28, 1990. See, Exhibit D-1, in globo. Under number 50 on form LDOL-1008, Disputed Claim for Compensation, claimant alleged that she had not worked since the date of the accident. That was blatantly untrue. Her wage earning records showed she worked throughout this time. In addition, neither claimant nor the subcontractor (Theriot Trucking Company) gave notice of any disability to the defendants.
The hearing officer went on to state that no health care provider had any idea that plaintiff's case involved worker's compensation inasmuch as her attorney had listed himself as responsible for her treatment, had all medical reports and bills sent to his office, and there was a concurrent tort suit involving the same accident which gave rise to this suit, which named Ms. LaBove and Theriot Trucking as plaintiffs against a third party.
The hearing officer found "[i]t was only at trial on April 22, 1992 when Dr. Foster stated that claimant should not work and surgery may be needed that there was any legitimate reason to believe claimant could be disabled". These findings were borne out by the evidence which shows that plaintiff continued to work for Resource/Theriot through the end of 1991 when she married and moved from Cameron to Lake Charles.
In closing his remarks, in his reasons for judgment, the hearing officer expanded on his findings, stating the following:
La.R.S. 23:1142(E) should negate the requirement to seek medical approval for medical services when the insurer has received adequate notice of a claim and denied it. The claim filed on behalf of claimant on August 22, 1991 did not provide an adequate notice of disability or outstanding medical expenses, nor did claimant amend her claim to add disability or outstanding medical expenses. Furthermore, the Court believes that the inadequate notice stems not from oversight or clumsiness, but from an intentional design to manipulate the evidence. Such behavior should not be rewarded.
The record fully supports the hearing officer's determination that appellees were not aware and received no notice, verbal or written, that plaintiff had sustained a personal injury in the accident of December 29, 1990. The record also supports the hearing officer's determination that plaintiff's claim filed with the OWC on August 22, 1991 was only for alleged lost wages which defendants did deny and successfully defended. Plaintiff has not appealed this determination. Finally, the record supports the hearing officer's determination that plaintiff never amended the claim which she initially filed in August 1991 to claim medical expenses and disability until the hearing on April 22, 1992.
On the other hand, the record reflects that the medical expenses listed on exhibit P-3 were incurred as a result of nonemergency diagnostic testing and treatment for the injury received by plaintiff in the December 1990 accident, albeit incurred without the consent *587 or approval of Resources and its insurer, Aetna. Further, payment of these expenses has been made to the several health care providers by or on behalf of plaintiff. Under these circumstances, we conclude that under La.R.S. 23:1142(B), plaintiff is entitled to reimbursement for these expenses up to a maximum of $750 per health care provider. Accordingly, using the "Summary of Medical Costs to Date" introduced at the hearing as part of P-3, in globo, the following amounts will be awarded plaintiff for services provided:

Wm. F. Foster 03-05-91 to 03-03-92 $ 750.00
Orthopaedic &
Sports Clinic 10-21-91 $ 35.00
Diagnostic
Radiology 01-27-92 $ 740.18
Houston
Radiology 04-08-91 $ 309.00
Methodist Hosp 04-08-91 $ 750.00
South Cameron
Hospital Physical
Therapy 08-09-91 to 09-30-91 $ 750.00
A.L. Cook MD 01-27-92 $ 99.00
Anesthesia Assoc 01-30-92 $ 240.00
 _________
TOTAL ..........................................$4,423.18

Appellees argue for the first time, in brief to this court, that appellant's claim for medical benefits has prescribed under the provisions of La.R.S. 23:1209(C). The peremptory exception of prescription must be specially pleaded. La.C.C.P. art. 927. It may be filed for the first time in the appellate court, which may consider the exception if pleaded prior to submission of the case for decision and proof of the ground of the exception appears of record. La.C.C.P. art. 2163. In the appellate court as in the trial court, the exception of prescription must be presented in a formal pleading and cannot be merely argued in brief. Hyde v. Hibernia National Bank in Jefferson Parish, 584 So.2d 1181 (La.App. 5th Cir.1991); Lilly, Inc. v. Argus Technical Systems, Inc., 538 So.2d 717 (La.App. 4th Cir.1989); Michigan Wisconsin Pipeline Co. v. Hebert, 488 So.2d 754 (La.App. 3rd Cir.1986), writ denied, 493 So.2d 636 (La.1986). Appellees have not filed an exception of prescription with this court. We will not consider this issue.

PENALTIES AND ATTORNEY'S FEES
It was established at the OWC hearing that neither Theriot Trucking nor plaintiff ever sent a written report of injury to either Resource Transportation or Aetna Casualty and Surety Company, Resource's worker's compensation carrier. Further, the hearing officer could find no more than "constructive" notice to defendants of possible injury to plaintiff. Additionally, in awarding plaintiff benefits, the hearing officer stated, "... the Court's finding that claimant was Temporarily Totally Disabled from December 31, 1991 was generous in light of the lack of objective evidence and the lack of forthrightness in which claimant (or her attorney) has pursued the claim". Considering the foregoing, as well as the rest of the evidence and testimony adduced at the OWC hearing which we have previously discussed, we find the actions of the defendants not to be arbitrary, capricious or without probable cause so as to subject defendants to payment of penalties and attorney's fees.
Accordingly, for the reasons stated, the judgment of the hearing officer is amended to grant reimbursement to plaintiff for the medical expenses incurred prior to April 22, 1992 to the extent of $4,423.18. In all other respects, the judgment of the hearing officer is affirmed. Costs of this appeal are to be borne one-half (½) by plaintiff, Ellen LaBove, and one-half (½) by appellants, Resource *588 Transportation Company and Aetna Casualty and Surety Company.
AFFIRMED AS AMENDED.