718 So.2d 1016 (1998)
Martin J. COSCINO, (DCSD)
v.
LOUISIANA STATE BOXING AND WRESTLING COMMISSION.
No. 97-CA-2733.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1998.
*1017 Favret, Demarest, Russo & Lutkewitte, A Professional Law Corporation, Anthony J. Russo, Dean J. Favret, New Orleans, for Plaintiff/Appellee.
Egan, Johnson, Stiltner & Patterson, Ted Williams, Merilla B. Miller, Baton Rouge, for Defendant/Appellant.
Before SCHOTT, C.J., and BARRY and JONES, JJ.
JONES, Judge.
Appellant seeks reversal of the judgment of the Office of Worker's Compensation, finding the decedent's widow is entitled to benefits under Louisiana's worker's compensation statute. We affirm in part and reverse in part.

*1018 FACTS

This action arises from the death of Martin Coscino, who died as a result of a heart attack which occurred on November 3, 1995. At the time of his death Martin Coscino was working as a boxing official for the Louisiana State Boxing and Wrestling Commission (Commission). The Commission, appeals the judgment of the worker's compensation judge, finding that the deceased suffered a heart attack compensable under La.R.S. 23:1201(7)(e). Additionally, the Commission appeals the judgment finding that they were arbitrary and capricious in denying payment of benefits to the decedent's widow, Barbara Coscino, and thus awarding attorney's fees and statutory penalties. Mrs. Coscino alleges the worker's compensation judge erred in its failure to specify the amounts of each award, and asks that the case be remanded for a final determination of the amount of the award.
The matter forming the basis of this appeal was tried on July 14, 1997, and judgment was rendered on August 28, 1997. The original petition filed on behalf of Mr. Coscino alleges that at the time of his death he was an employee of the Commission and was acting within the course and scope of his employment. The petition further alleges Mr. Coscino's heart attack was compensable under La.R.S. 23:1021(7)(e), thus entitling his widow to death benefits.
The Commission is responsible for the scheduling and assignment of duties for boxing officials. For many years prior to the decedent's death, boxing officials were required to alternate jobs as judge and referee. In July 1995, the Commission assigned boxing officials the additional duty of being a corner inspector. Boxing officials were then required to alternate between three different assignments: judge, referee, and inspector. Prior to being given the additional responsibility of working as corner inspector, a boxing official would perform the duty of judge for one bout and referee the second bout. During the third bout the official would have a break period. At approximately the same time the additional duty as corner inspector was added, the Commission eliminated the break period. Boxing officials were then required to work the entire fight card without a break.
On November 3, 1995, Mr. Coscino was scheduled to work a seven bout fight card. He suffered a fatal heart attack during the sixth bout of the fight card. Several months after Mr. Coscino's death, the Commission reinstated the break period. The Commission contends on appeal that Mr. Coscino's heart attack was not compensable under La. R.S. 23:1021(7)(e).

DISCUSSION
In worker's compensation cases, the appellate court's review is governed by the "manifest error" or "clearly wrong standard." Morris v. Reve, 95-310 (La.App. 5 Cir. 10/18/95), 662 So.2d 525, citing Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129 (La.1994). Therefore, a trial court's findings of fact may not be set aside by a reviewing court in the absence of "manifest error" or unless it is "clearly wrong." Id. The Supreme Court announced a two part test to be employed by reviewing courts considering reversing a fact finder's determination. First, the reviewing court must find from the record that a reasonable factual basis does not exist for the finding of the trial court. Second, the reviewing court must further demonstrate that the record establishes that the finding was clearly wrong. Even though a reviewing court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Smith, 633 So.2d at 132.
In its first assignment of error the Commission argues the trial judge did not have a reasonable basis for finding Mr. Coscino's death was compensable under La. R.S. 23:1021(7)(e). The relevant portion of the compensation statute provides:
(7)(e) Heart-related or perivascular injuries. A heart related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not *1019 compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
As mandated by La. R.S. 23:1021(7)(e), the standard of proof is by clear and convincing evidence. This standard requires that a party prove their claim by more than the usual civil case, "preponderance of the evidence standard," but the standard is less burdensome than the "beyond a reasonable doubt standard" used in criminal prosecutions. Bryant v. Giani Inv. Co., 626 So.2d 390, 392 (La.App. 4 Cir.1993.) The preponderance of evidence standard requires a party to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. Morris v. Reve, 95-310 (La.App. 5 Cir. 10/18/95), 662 So.2d 525. In the present case, the Commission contends the claimant failed to satisfy either prong of the twoprong test established in La. R.S. 23:1021(7)(e) by clear and convincing evidence.
Pursuant to the La. R.S. 23:1021(7)(e), Mrs. Coscino must demonstrate by clear and convincing evidence that Martin Coscino's physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation. She must also demonstrate that the physical work stress or exertion, and not some other source of stress or preexisting condition was the predominant and major cause of the heart related or perivascular injury, illness, or death.
During the trial, Mrs. Coscino called two witnesses to testify concerning the rules of the Commission. Both witnesses, Elmo Adolph and Paul Sita, have been boxing officials for a combined total of approximately 60 years. Both witnesses testified it was unusual not to be given a break while working a seven bout fight card. They further testified a break is needed due to the physical and mental exhaustion which results from working a fight. There was also testimony provided by Dr. Barry Kusnick, Mr. Coscino's attending physician. Dr. Kusnick testified it was highly probable the physical stress of working as a boxing official without a break is what triggered Martin Coscino's heart attack.
The Commission contends Mr. Coscino's death was not a result of his employment as a boxing official because he died while working as a corner inspector. The Commission further contends any number of things could have caused the heart attack, pointing out that Martin Coscino was 62 years of age, 15 to 20 pounds overweight, and had been a heavy smoker for a number of years, having quit approximately 15 years earlier. Although both Mr. Adolph and Mr. Sita testified that working as a corner inspector was not a physically burdensome task, this Court cannot ignore the events which took place prior to Mr. Coscino's death. As the record indicates, Mr. Coscino worked five bouts prior to his heart attack, twice as a referee, twice as a corner inspector, and once as a judge.
Appellant also argues Dr. Kusnick could not state with absolute certainty the cause of Mr. Coscino's heart attack. However, this fact alone is not dispositive of the issue. In Harold v. La Belle Maison Apartments, 94-0889 (La.10/17/94), 643 So.2d 752 (La.1994), an employee suffered a heart attack while working. The defendants argued that the claim should fail because the doctor could not definitively state why the heart attack occurred. The Supreme Court held that a "heart attack claimant's case does not fail simply because the medical expert cannot definitively state the primary cause of the heart attack." Harold, 643 So.2d at 757.
In the present case, the Commission failed to present evidence to contradict the testimony of Dr. Kusnick, Mr. Adolph, and Mr. Sita. Therefore, the worker's compensation judge's conclusion that the heart attack was compensable under the applicable statute is reasonable in light of the facts and evidence *1020 presented at trial. Accordingly, the portion of the judgment finding Mr. Coscino's heart attack compensable pursuant to La.R.S. 23:1201(7)(e) is affirmed.
In its second assignment of error the Commission argues the worker's compensation judge erred in awarding penalties and attorney's fees. Pursuant to LSA-C.C.P. art. 861, when items of special damages are claimed, the litigant must specifically allege that claim in the petition. However, under LSA-R.S. 23:1201.2 and 23:1201(E), attorney's fees and penalties should be awarded if the employer's behavior regarding the claimant's compensation is arbitrary, capricious, or without probable cause.
The Commission argues the claimant is not entitled to penalties for their arbitrary and capricious conduct because the claimant did not specifically ask for such a penalty. Mrs. Coscino relies on Haynes v. Lee White Wrecker Service, 612 So.2d 944 (La.App. 4 Cir.1993), in which this Court held that the claimant was entitled to an award of attorney's fees and penalties despite the fact that he did not ask for attorney's fees and penalties in his petition. In Haynes, unlike the present case, the claimant, without assistance from counsel, filled out the State drafted form petition. The form did not provide an opportunity to request attorney's fees and penalties. Additionally, the claimant in a writing attached to the petition, stated in his own words facts which supported an award of attorney's fees and penalties. This Court found the claimant's writing stated sufficient facts which indicated the employer had been arbitrary and capricious in providing medical services to the claimant.
The case at hand is distinguishable from Haynes in that Mrs. Coscino was at all times represented by counsel. Furthermore, with leave of court or written permission of the adverse party, Mrs. Coscino's counsel could have amended her petition to ask for an award of attorney's fees and penalties. Having failed to do so, the portion of the judgment finding the Commission arbitrary and capricious, and awarding attorney's fees and penalties is reversed.
Finally, Mrs. Coscino contends the trial judge erred in failing to specify the amounts of the awards and urges that this case be remanded to the trial court for a determination of the specific awards of dependent benefits, medical expenses, funeral expenses and statutory penalties.
While it is true the trial judge did not give an itemized accounting of the specific amounts claimant is entitled, it cannot be said that the worker's compensation judge erred. There is nothing in the record to indicate the amount of medical expenses and funeral expenses were ever in dispute. Further, the parties agreed during the trial of this matter that if Mr. Coscino's heart attack was found to be compensable pursuant to La.R.S. 23:1201(7)(e), then Mrs. Coscino would be entitled to death benefits as set forth in the Office of Workers' Compensation's schedule of benefits based upon Mr. Coscino's average weekly wage of $115.38. Therefore, it was not necessary for the trial court to specify these amounts. However, so this matter may be disposed of in its entirety, this Court amends the judgment and finds Mrs. Coscino is entitled to medical expenses in the amount of $47,102.78, funeral expenses in the amount of $5,000, and dependant benefits in the amount of $88 per week retroactive to November 3,1995.

DECREE
For the foregoing reasons, we hereby affirm the worker's compensation judge's finding that Barbara Coscino is entitled to death benefits pursuant to La.R.S. 23:1201(7)(e) and reverse the portion of the judgment awarding penalties and attorney's fees. We find Mrs. Coscino is entitled to medical expenses in the amount of $47,102.78, funeral expenses in the amount of $5,000, and dependant benefits in the amount of $88 per week retroactive to November 3,1995.
AFFIRMED IN PART; REVERSED IN PART.
SCHOTT, C.J., concurs in the result.
SCHOTT, Chief Judge, concurring in the result.
I completely agree with the result reached by my colleagues. On the issue of penalties *1021 and attorney fees, however, I join in the reversal not because of any deficiency in the pleadings but because plaintiff failed to prove that the commission's rejection of the claim was arbitrary and capricious. In other words, even if plaintiff had included in her claim a request for penalties and attorney fees she was not entitled to them as a matter of law.
The commission was faced with a novel claim in the first place and one that was not easily susceptible of proof. Causation for a heart attack is always questionable as it surely was in this case.
Our legal system allows one to stand on legitimate rights and to ask the court or other appropriate tribunal to decide the merits of his position. In this case the Commission took a respectable position when it questioned plaintiff's claim and insisted on a hearing. This is exactly what the worker's compensation hearing mechanism is there for. Otherwise there would be no need for hearings and no need for worker's compensation judges.
In short, the Commission's rejection of plaintiff's claim was not arbitrary and capricious and the compensation judge committed manifest error in concluding that it was. Plaintiff is not entitled penalties and attorney fees as a matter.