_J^BYRNES, C.J.,
Concurs in Part & Dissents in Part.
I agree with the majority that the plaintiffs, Catherine and Jarrod Boudreaux, are entitled to interest from the date of judicial demand on the $25,000 underinsured motorist (“UM”) policy limits of State Farm. This precludes summary judgment. State Farm is not obligated to pay interest until the final judgment; however, the plaintiffs have a right to collect judicial interest that will accrue until the final judgment.
I respectfully dissent from the majority’s position to remand the case to allow the plaintiffs leave to amend their petition to assert a claim for penalties and attorney’s fees against State Farm in its capacity as the UM carrier.
When items of special damages are claimed, they shall be specifically alleged. La. C.C.P. art. 861; Spear v. Tran, 96-1490 (La.App. 4 Cir. 9/18/96), 682 So.2d 267, writ denied, 96-3024 (La.2/7/97), 688 So.2d 500. The plaintiffs amended their petition to make a claim against State Farm for UM coverage; however, the plaintiffs failed to ask for statutory penalties or allege specific facts showing their entitlement to such penalties and attorney’s fees. The plaintiffs should not now be allowed to amend their petition to allege statutory penalties and attorney’s fees. See Coscino v. Louisiana State Boxing and Wrestling Com’n, 97-2733 (La.App. 4 Cir. 9/9/98), 718 So.2d 1016.