846 So.2d 13 (2003)
Arthur Douglas BOX
v.
CITY OF BATON ROUGE, Parish of East Baton Rouge Risk Management.
No. 2002 CA 0198.
Court of Appeal of Louisiana, First Circuit.
January 15, 2003.
Phil E. Miley, Baton Rouge, Counsel for Plaintiff/Appellee Arthur Douglas Box.
Eugene Booth, Baton Rouge, Counsel for Defendant/Appellant City of Baton Rouge, Parish of East Baton Rouge Risk Management.
*14 Before: KUHN, DOWNING and GAIDRY, JJ.
GAIDRY, J.
In this workers' compensation action, the defendant, the City of Baton Rouge, appeals the order of the Office of Workers' Compensation denying defendant's exception of prescription. For the following reasons, we vacate the portion of the judgment denying the defendant's exception of prescription, as well as the portion of the judgment denying plaintiff disability benefits.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Arthur Douglas Box, served as a fireman for the Baton Rouge Fire Department from 1961 until his retirement in 1987. He has not worked since his retirement from the fire department. In 1989, two years after his retirement, Mr. Box was referred to a cardiologist after his regular physician detected an irregularity during a treadmill examination at his annual checkup. The cardiologist, Dr. Carl Luikart, presumed coronary artery disease, but was unable to definitively diagnose coronary artery disease until he performed a catheterization in 1992. In November 1992, Mr. Box underwent bypass surgery, and since then has remained under the care of Dr. Luikart. On October 23, 1997, Mr. Box filed a claim for worker's compensation medical benefits with the City, which was denied. On December 5, 2000, he filed a formal disputed claim for medical benefits with the Office of Workers' Compensation (OWC).
At the trial of this matter before the OWC on July 19, 2001, the City asserted that the plaintiff's claim was prescribed under La. R.S. 23:1301.1 and La. R.S. 23:1209. The workers' compensation judge (WCJ) rendered judgment finding that plaintiff's claim was not prescribed and ordering the City to pay Mr. Box's medical expenses related to his heart condition. The defendant filed a suspensive appeal, asserting that the WCJ erred in denying its exception of prescription. The plaintiff answered the appeal and asserted that the WCJ erred in failing to award penalties and attorney's fees under La. R.S. 23:1201.

DISCUSSION
The defendant never filed an exception of prescription in this case; it simply argued at trial that the plaintiff was not entitled to the relief requested because his claim for medical benefits had prescribed. An exception of prescription presented only in argument either orally or in writing by way of memorandum or brief is not contemplated by the Code of Civil Procedure. LaBove v. Resource Transp. Co., 625 So.2d 583, 587 (La.App. 3 Cir. 1993); Hyde v. Hibernia Nat. Bank in Jefferson Parish, 584 So.2d 1181, 1184 (La. App. 5 Cir.1991). La. C.C.P. art. 924 provides that "all exceptions shall comply with Articles 853, 854, and 863, and whenever applicable, with Articles 855 through 861." A reading of Articles 853, 854, and 863 indicates that a written exception is required. Rapp v. City of New Orleans, 95-1638, p. 51 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, 458, writ denied, 96-2925 (La.1/24/97), 686 So.2d 868. Regardless, the trial court considered defendant's "exception of prescription" and found that the plaintiff's claim for benefits had not prescribed under La. R.S. 23:1301.1.[1] Although *15 the WCJ purported to rule on defendants' exception of prescription, an exception was not properly before the OWC. Therefore, that portion of the OWC judgment dealing with prescription is vacated.
The OWC judgment expressly denied plaintiff recovery for disability benefits. However, the record shows that plaintiff neither pleaded nor requested an award of disability benefits. Since not procedurally raised by the parties, the issue of plaintiff's entitlement to disability benefits was not before the OWC. Thus, the express denial of disability benefits was error. Accordingly, that portion of the OWC judgment denying disability benefits is vacated.

ATTORNEY'S FEES AND PENALTIES
The plaintiff asserts for the first time on appeal that he is entitled to penalties and attorney fees under La. R.S. 23:1201 for the defendant's failure to pay his medical benefits timely. La. R.S. 23:1201 provides, in pertinent part:
E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
* * *
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions *16 over which the employer or insurer had no control.
* * *
When items of special damage are claimed, a litigant must specifically allege the claim in his petition. La. C.C.P. art. 861. Attorney fees are items of special damage and thus must be specifically alleged. Mix v. Mougeot, 446 So.2d 1352, 1356 (La.App. 1 Cir.1984). Mr. Box did not allege in his petition that his claim for medical benefits was not paid within sixty days after receipt of notice or that such action by the City was arbitrary, capricious, or without probable cause, nor did he pray for statutory penalties of twelve percent of the total amount of the claim and reasonable attorney fees. The failure of a plaintiff to make these necessary allegations denies the defendant a reasonable opportunity to assert affirmative defenses, present evidence, or be notified that the claim for attorney fees and penalties was at issue. Mix, 446 So.2d at 1356. As such, we not consider these claims.
Mr. Box cites Haynes v. Lee White Wrecker Service, 612 So.2d 944 (La.App. 4th Cir.1993), in support of his position that attorney fees and penalties need not be specially pleaded. In Haynes, the 4th Circuit held that a worker was entitled to attorney fees and penalties for his employer's arbitrary and capricious actions, even though he did not claim attorney fees and penalties in his petition because the state-drafted form petition, which the worker filled out himself, did not provide the opportunity to request attorney fees or penalties and the worker stated, in a handwritten attachment to the petition, facts which supported the award. Id. at 947-48. The instant case is distinguishable in that Mr. Box was represented by an attorney at all times, but nevertheless failed to allege facts which would put the defendant on notice that he was requesting an award of penalties and attorney fees. Furthermore, his attorney could have amended his petition with leave of court or written permission of the adverse party to ask for attorney fees and penalties. See Coscino v. Louisiana State Boxing and Wrestling Commission, 97-2733, p. 6 (La.App. 4th Cir.9/9/98), 718 So.2d 1016, 1020. Having failed to properly plead the issue, claimant's entitlement to penalties and attorney fees, not properly before the OWC, will not be considered for the first time on appeal.

CONCLUSION
For the above and foregoing reasons, we vacate that portion of the OWC judgment concerning prescription, as well as the portion denying disability benefits. Costs of this appeal are to be shared equally by the parties.
VACATED IN PART AND AFFIRMED IN PART.
DOWNING, J., concurs and assigns reasons.
DOWNING, J., concurs and assigns reasons.
DOWNING, J., concurring.
The result here is correct. The trial court correctly ruled that Mr. Box's claim for medical benefits had not prescribed. The majority, however, errs in concluding that we cannot consider the City/Parish's exception of prescription in this workers' compensation case when the exception was not filed in writing.
First, no party objected to the fact that the exception of prescription was raised orally. And no party currently alleges any prejudice arising from a failure to file a written exception. The record reveals that the matter of prescription was fully developed and litigated within the workers' compensation hearing.
Second, La. R.S. 23:1317A provides in pertinent part:

*17 The workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided .... The workers' compensation judge shall decide the merits of the controversy as equitably, summarily, and simply as may be. (Emphasis supplied.)
The statute says technical rules of procedure shall not apply other than as provided. I can find nothing in the record or in the laws of Louisiana requiring technical rules for making exceptions in workers' compensation cases. And imposing a formal jurisprudential rule for exceptions seems inconsistent with summary and simple decisions.
Further, La. R.S. 23:1310.1C gives the director of the Office of Workers' Compensation "authority to adopt reasonable rules and regulations, including the rules of procedure before the workers' compensation judges, according to the procedures established by the Administrative Procedure Act." The section continues: "All rules and regulations, properly approved and promulgated under the Administrative Procedure Act, shall be consistent with the Workers' Compensation Law and shall be binding in the administration of that law." (Emphasis added.)
Accordingly, Office of Workers' Compensation rules and regulations bind and control the procedures to be followed in Workers' Compensation hearings, not the Code of Civil Procedure. And nothing in the record before us indicates that the director of the Office of Workers' Compensation has passed a rule requiring exceptions of prescription, or any type of exception, be in writing.
The law does not contemplate burdening workers' compensation cases with formality so long as substantive justice is done. I believe the Fourth Circuit case relied on by the majority, Rapp v. City of New Orleans, 95-1638 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, was wrongly decided when it declared that the Louisiana Code of Civil Procedure controlled workers' compensation proceedings, therefore requiring that exceptions of prescription must be filed in writing. I distinguish Rapp in that it did not consider the provisions of La. R.S. 23:1317A or of La. R.S. 23:1310.1C.
Under these statutes, it is clear that properly promulgated Office of Workers' Compensation rules and regulations, and not the Louisiana Code of Civil Procedure, bind and control procedures in workers' compensation proceedings. There is no evidence in the record before us that any Office of Workers' Compensation rule or regulation was violated when the Office of Workers' Compensation judge denied the City/Parish's exception of prescription.
Here, the majority decides an issue not raised on appeal and unduly complicates and burdens a workers' compensation system intended to be equitable, summary and simple. Accordingly, while I agree with the result in that Mr. Box's benefits are maintained, I disagree with the majority's rationale in getting there.
NOTES
[1] The trial court erred in applying La. R.S. 23:1301.1 to Mr. Box's claim for medical benefits. La. R.S. 23:1301.1 provides the prescriptive period for "all claims for disability arising from an occupational disease." (Emphasis added). Therefore, the prescriptive period set forth in 23:1301.1 applies only to claims for disablement; an employee who is not disabled, although he knows he has contracted an occupational disease, is not required under a proper interpretation of La. R.S. 23:1301.1 to file his claim within the period set forth therein because, unless he is disabled, he has no cause of action for recovery under that statute. LaCoste v. J. Ray McDermott & Co., 250 La. 43, 193 So.2d 779, 782-83 (1967). An award of medical benefits under La. R.S. 23:1203 is separate and distinct from an award of disability benefits and does not require proof of disability. An injured employee's entitlement to benefits for medical expenses exists even if he returns to work, provided he requires medical treatment for the work-related injury; however, an injured employee's entitlement to disability benefits is triggered only upon a showing of disability. Jacquet v. Southern Structures, Inc., 97-1696, p. 8 (La.App. 3 Cir. 5/20/98), 713 So.2d 723, 728. Since Mr. Box filed only a claim for medical benefits and not for disability benefits, the prescriptive period applied by the court, La. R.S. 23:1301.1, is not applicable to his claim.

The appropriate prescriptive period to apply to Mr. Box's claim for medical benefits is contained in La. R.S. 23:1209(C):
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Under this statute, a longer prescriptive period applies when medical benefits have already been paid for the injury or occupational disease at issue. Whether or not such medical payments were made in this case was disputed at trial, but the WCJ did not address this issue in his judgment.